UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD RAGSDALE and ) | |
| TRACY RAGSDALE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:11CV 200 LMB |
| ) | |
| RONNIE BYASSEE, ) | |
| ) | |
| Defendant ) | |

# MEMORANDUM AND ORDER

Presently pending before the court is Plaintiff Donald Ragsdale's Renewed Motion for Judgment as a Matter of Law, New Trial, and to Vacate. (Doc. No. 95). Defendant has filed a Response to plaintiff's motion. (Doc. No. 101).

## Background

On October 23, 2013, after a three-day trial, a jury assessed sixty percent of fault to Defendant Ronnie Byassee and forty percent fault to Plaintiff Donald Ragsdale. (Doc. No. 88). The jury awarded Plaintiff Donald Ragsdale $20,000.00 on his claim for personal injury, disregarding any fault on the part of Plaintiff Donald Ragsdale. On the claim of Plaintiff Tracy Ragsdale for damages due to injury of her husband, the jury found that Plaintiff Tracy Ragsdale did not sustain damages as a direct result of injury to her husband. In an Order dated November 6, 2013, the court granted Intervenor Plaintiff Triangle Insurance Company's Request for Voluntary Dismissal Pursuant to Rule 41(a)(2). (Doc. No. 91). On November 6, 2013, pursuant to the verdict of the jury, the court entered judgment in favor of Plaintiff Donald Ragsdale in the amount of $12,000.00 on plaintiff's personal injury claim; and judgment in favor of Defendant

Ronnie Byassee on Plaintiff Tracy Ragsdale's claim for damages due to the injury of her husband. (Doc. No. 92).

Plaintiff filed a Renewed Motion for Judgment as a Matter of Law, New Trial, and to Vacate on December 3, 2013.

## Discussion

In his motion, plaintiff argues that he is entitled to a new trial, judgment as a matter of law, and an order vacating the Judgment in this case for the following reasons: (1) there was insufficient evidence to support defendant's claim of comparative fault; (2) defense counsel improperly placed her client's ability to pay at issue during closing argument; and (3) the video presented to the jury by defendant was not disclosed prior to trial.

Following a jury trial resulting in an adverse judgment, a party may move for a new trial under Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure. Under this rule, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. Buchholz v. Rockwell Int'l Corp., 120 F.3d 146, 148 (8th 1997). Errors in evidentiary rulings or jury instructions are only prejudicial, and therefore only represent a miscarriage of justice that requires a new trial, where the error likely affected the jury's verdict. Diesel Machinery, Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 833 (8th Cir. 2005) (evidentiary rulings); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 720 (8th Cir. 2008) (jury instructions).

**1.     Sufficiency of the Evidence**

Plaintiff first argues that the evidence presented was insufficient to support defendant's claim for comparative fault against plaintiff, and that this instruction should not have been submitted to the jury.

"The grant of a motion for a new trial is appropriate only if the verdict is against the weight of the evidence and ... allowing it to stand would result in a miscarriage of justice." Murphy v. Missouri Dept. of Corrections, 506 F.3d 1111, 1116 (8th Cir. 2007) (internal quotation marks and citation omitted). "In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." King v. Davis, 980 F.2d 1236, 1237 (8th Cir.1992) (citing White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992)). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" White, 961 F.2d at 781 (quoting McGee v. S. Pemiscot Sch. Dist., 712 F.2d 339, 344 (8th Cir.1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." King, 980 F.2d at 1237.

Plaintiff contends that the only basis of defendant's claim was that plaintiff did not turn on his blinker soon enough for the accident to be avoided. Plaintiff argues that defendant's driver, however, could not say plaintiff's alleged error was a proximate cause of the accident.

Defendant argues that the court properly presented MAI 17.11 (Slowing Without Adequate Warning) to the jury, and that the testimony presented at trial supported the jury's verdict.

"Slowing a vehicle is negligence if it is sudden without a proper warning and if there is no emergency to justify it." Ogle v. Webb, 623 S.W.2d 582, 583-84 (Mo. Ct. App. 1981). See

3

Worley v. Tucker Nevils, Inc., 503 S.W.2d 417, 419 (Mo. banc 1973); Tucker v. Blankenmeier, 315 S.W.2d 724, 726-27 (Mo. 1958).

In this case, the testimony of plaintiff and defendant's driver, Tom Bailey, conflicted regarding the notice plaintiff provided of his turn.[1] Plaintiff testified that he activated his turn signal ten to fifteen seconds prior to the impact, whereas Mr. Bailey testified that plaintiff applied his brakes suddenly at the same time he activated his turn signal. Mr. Bailey testified that he was forced to make an emergency braking operation, which resulted in his having insufficient time to stop prior to striking plaintiff's trailer.

Mr. Bailey's testimony supported defendant's claim that plaintiff slowed his vehicle suddenly without giving proper warning. It is undisputed that there was no emergency to justify plaintiff's sudden slowing. Rather, plaintiff testified that he planned to stop to buy cigarettes and use the restroom. "[W]here reasonable men can differ in evaluating credible evidence, a new trial on the ground of weight of the evidence should not be granted." White, 961 F.2d at 781. In this case, the jury weighed the evidence and evaluated the credibility of the witnesses and found defendant's witnesses to be more credible. Under these circumstances the court should not usurp the functions of the jury. See id. The undersigned therefore finds that there was sufficient evidence to support the jury's verdict.

**2.      Closing Argument**

---

[1] The court notes that the summary of these witness' testimony is from memory, as there is no transcript available of this testimony. The only transcript available is that of defense counsel's closing argument. (Doc. No. 97).

4

Plaintiff argues that defense counsel improperly placed her client's ability to pay at issue during closing argument. Plaintiff contends that defense counsel's statements were an appeal to sympathy and prejudice warranting a mistrial or, at least, a cautionary instruction.

The following statements are at issue:

> And then I ask you about his future lost income. You've heard they are asking for millions of dollars. *I can assure you millions of dollars do not come easily to Ronnie Byassee.* What evidence do they have that this accident keeps Donald Ragsdale from going back and doing exactly what he was doing on the date of the accident?

(Doc. No. 97, p. 16) (emphasis added). Plaintiff objected to defense counsel's statement, and the court overruled the objection.

"A new trial should be granted where the improper conduct of counsel in closing argument causes prejudice to the opposing party and unfairly influences a jury's verdict." Campos v. City of Blue Springs, Mo., 289 F.3d 546, 552 (8th Cir. 2002) (citation and internal quotations omitted). Where a party objected to statements in closing argument, a new trial is required if the statements were "not only...plainly unwarranted but also clearly injurious." City of Malden, Mo. v. Union Elec. Co., 887 F.2d 157, 164 (8th Cir. 1989). Plaintiff, as the complaining party, "bears the burden of making a concrete showing of prejudice. Id. The Eighth Circuit Court of Appeals has admonished:

> Courts should exercise great caution in setting aside judgments because of inadvertent remarks made by litigants or counsel during a hotly contested trial, even though improper, unless it clearly appears that they aroused the sympathy or prejudice of the jury and influenced the verdict.

Harris v. Zurich Ins. Co., 527 F.2d 528, 531 (8th Cir. 1975) (quoting Chi. & N.W. Ry. Co. v. Kelly, 74 F.2d 31, 35 (8th Cir. 1934).

Here, the court finds that plaintiff has failed to show prejudice due to defense counsel's statements during closing argument. Defense counsel's remarks that "millions of dollars do not

come easily" for defendant was made in response to plaintiff's request for damages. Defense counsel was attempting to argue that plaintiff's request for five million dollars in damages was excessive, and was wholly unsupported by the evidence. Even if defense counsel's comments were inappropriate, plaintiff has not demonstrated that they were " clearly injurious." Defense counsel made an isolated remark in the course of a "hotly contested trial." Zurick Ins., 527 F.2d at 531. Thus, plaintiff has failed to demonstrate he is entitled to a new trial based on defense counsel's statements.

**3.    Video**

Plaintiff finally argues that defense counsel's presentation of an unauthenticated video that was not properly disclosed prior to trial warrants a new trial.

Federal Rule of Civil Procedure 26 does not require the disclosure of evidence used "solely for impeachment" purposes. See Fed.R.Civ.P. 26(a)(3).

In this case, after plaintiff objected to the video at issue, the undersigned determined that defense counsel's intended use of the video was for impeachment purposes and permitted defense counsel to present the video to the jury. The court also rejected plaintiff's claim, after viewing the video outside the presence of the jury, that the video was edited by defense counsel and therefore unauthenticated. The video depicted plaintiff moving his neck in directions inconsistent with his testimony regarding his limitations. Thus, defense counsel was not required to disclose the video prior to trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Donald Ragsdale's Renewed Motion for Judgment as a Matter of Law, New Trial, and to Vacate (Doc. No. 95) be and it is **denied**.

6

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE


Dated this 19th day of February, 2014.